Hillsborough,
No. 5862.

MEREDITH CLEMENT & a.

*v.*

ROBERT L. STARK, *Secretary of State.*

Argued October 2, 1968.
Decided October 4, 1968.

*Alan L. Reische* and *E. Harry Close* ( *Mr. Close* orally ), for the plaintiffs.

*George S. Pappagianis,* Attorney General ( by brief and orally ), for the defendant.

DUNCAN, J.   The plaintiffs, by petition for writ of mandamus, seek to compel the Secretary of State to print upon the ballot for the election to be held on November 5, 1968 the names of Eugene J. McCarthy and John V. Lindsay, under the designation "Electors of President and Vice President of the United States." RSA 59:3. The petition alleges that the defendant seeks to justify his refusal to print the names in question upon the ground that requests were made to him on behalf of the persons named, that their names be withdrawn from the ballot. The plaintiffs allege that these declinations or withdrawals were not seasonably filed under the statute, and in the alternative that

the persons in question are without authority to "remove or eliminate the candidacy " of the plaintiffs.

All questions of law presented by the agreed statement of facts of the parties, and the pleadings and exhibits, were reserved and transferred by the Superior Court (*Leahy,* C. J.). The Court also transferred without ruling three specific questions which are hereinafter referred to.

The Constitution of the United States requires each State "in such manner as the legislature thereof may direct" to choose or "appoint" electors to vote for President and Vice President. U. S. Const., *Art.* II, *s.* 1; Amendment XII. See also, Amendment XXIV; 3 U. S. C., *ss.* 1-5; Annot. 153 A. L. R. 1066. Consistently, our statutes provide for the election of electors of President and Vice President in every fourth year. RSA ch. 65.

Electors may be nominated by state conventions of any party held not later than the first Tuesday of October. RSA 56:62. They likewise may be nominated by petition "styled nomination papers," signed by qualified voters ( RSA 56:65 ), and filed at such time and in such numbers as the statute provides. RSA 56:65-68. The four petitioners, consisting of the named petitioner, and Jack Kenney, Barbara Underwood, and Charles Wood, were duly nominated by petitions or "nomination papers " requesting that the plaintiffs' names "be placed upon the official ballot to be used in [the biennial election of 1968] as candidates of the New Party. For Presidential Electors .( of Eugene J. McCarthy and John V. Lindsay ). "

The primary objective sought to be accomplished by the plaintiffs' petition is the printing of the names Eugene J. McCarthy and John V. Lindsay upon the ballot under the caption " Electors of President and Vice President of the United States. " They have indicated in oral argument that it is a matter of indifference to them whether or not their own names appear upon the ballot, if the names of McCarthy and Lindsay are omitted.

The vital dispute between the parties centers about the provisions of RSA 59:3 as follows: " 59:3 CONTENTS. Every ballot shall contain the name and residence of each candidate who has been nominated in accordance with law, except as hereinafter provided, and shall contain no other name except party appellations. The names and addresses of the presidential electors shall not be printed on the ballot, but in lieu thereof the names of a party's candidates for president and vice-president shall

be printed thereon under the designation 'Electors of president and vice-president of the United States.' In case a nomination is made by nomination papers, the words, Nom. Papers, shall be added to the party appellation."

This is not a unique provision, for the omission of the names of candidates for elector in favor of the printing of the names of the presidential nominees to whom they are pledged is required or permitted by the statutes of a majority of the states. See, Wilkinson, The Electoral Process, 47 ABA Jour. 251, 253 ( 1961 ).

RSA 59:3, quoted above, thus provides for the printing of the names of "a party's candidates for president and vice president," in lieu of the names of the candidates for elector. The contentions of the plaintiffs in this case fail for want of any indication in the record that "Eugene J. McCarthy and John V. Lindsay" are the nominees of any party for the offices specified. It is not suggested that they were chosen as candidates of the "New Party" at any national convention thereof; and had the plaintiffs been delegates to such a convention, they could not have run as "pledged" to the individuals in question without the written consent of those individuals, filed prior to the primary elections. RSA 57:6. Compare also the requirement of acceptance of nomination by a write-in candidate, RSA 56:51.

Instead of indicating that McCarthy and Lindsay are candidates, the exhibits in this case show that both have expressly advised the Secretary of State that they do not wish their names to appear upon the ballot as candidates of "this party," or of "these . . . nominated electors."

Since the individuals in question have not been shown to be "a party's candidates for president and vice president" within the meaning of the statute ( RSA 59:3, *supra* ), the defendant is not required to print their names upon the ballot. *State, ex rel* v. *Hummel,* 150 Ohio St. 127.

The petitions or nomination papers ( RSA 56:65, *supra*) filed with the Secretary of State cannot be deemed to constitute nominations of McCarthy and Lindsay by the "New Party." They do not purport to be signed by members of any party, and they do not purport to nominate any candidates for the offices of President or Vice President of the United States. Instead they nominate the plaintiffs to the office of "Presidential Electors," as the statute permits. RSA 56:65-68, *supra.*

The plaintiffs contend that the communications received by the defendant from McCarthy and Lindsay and from their representatives were not seasonably received, so as to permit "withdrawal" of their names as "candidates" in compliance with RSA 56:69. Oral withdrawals from the ballot were sought to be made by telephone on behalf of McCarthy and Lindsay before 6:00 P.M. on September 25, 1968. Written withdrawals were subsequently filed. This statute however has no application to the circumstances. It would govern withdrawal of the plaintiffs as candidates for the office of elector, should they seek to withdraw, since they are the candidates nominated "as herein provided." RSA 56:69. McCarthy and Lindsay were not such candidates. See, *Pappagianis* v. *Daniell,* 108 N. H. 467, 469. Thus the question of whether the withdrawal of a candidate may be oral, or must be in writing does not arise in this case.

What has been said disposes of the first two questions transferred by the Presiding Justice. McCarthy and Lindsay were not candidates within the meaning of RSA 56:69 and there was no occasion for them to file withdrawals in accordance therewith.

The final question transferred by the Superior Court relates to whether the Secretary of State may "cause to be printed upon the ballot the names of petitioners as electors of the New Party." Since the plaintiffs have indicated that they are not concerned about this question, no answer is required.

*Petition denied.*

All concurred.